# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-CV-648

ANNE EDWARDS,

        Plaintiff,

v.

CONVERGYS CORPORATION and
CONCENTRIX CVG CUSTOMER
MANAGEMENT GROUP INC.

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. Plaintiff Anne Edwards ("Plaintiff" or "Anne") worked for Convergys Corporation and Convergys Customer Management Group Inc. (collectively, "Convergys") beginning on September 28, 2015, as a Customer Service Agent. During the first six months of her employment, Anne showed remarkable promise as an employee and quickly received a promotion to Team Leader. Anne excelled in this role and was one of Convergys' top Team Leaders.

2. In October 2017, Anne made her supervisor, Benny Yang, aware of her need for emergency surgery on her rotator cuff. Mr. Yang told Anne that it was "not a good time" for her to be taking leave. However, knowing the urgency of the surgery, Anne insisted. After Anne persisted, Mr. Yang verbally berated her in front of other employees. Mr. Yang made it perfectly clear that he would not help her with any leave of absence request and went so far as to say, "If I could get rid of you I would," and that Anne was "The worst team leader." Shocked by the

1

treatment she received from Mr. Yang, Anne reported his behavior to human resources in November 2017.

3. Anne received clearance for her medical leave on November 13, 2017, and had approval to be out of work until December 12, 2017. Shortly before returning to work, Anne received an email from Mr. Yang informing her that she would return to her Team Leader position upon her arrival back on December 20. When Anne returned, she quickly learned that Mr. Yang had lied. Mr. Yang did not re-assign agents back to Anne in retaliation for taking time off for her emergency surgery and reporting him to HR.

4. Mr. Yang revealed his retaliatory and discriminatory biases by contradicting his own statements and not punishing other Team Leaders for the same actions for which he punished Anne. Mr. Yang told Anne that she should not have reported him to HR and that he was very angry with her for doing so. Mr. Yang also said he did not believe he would ever get over Anne reporting him.

5. On February 9, 2018, Anne contacted Steve Wheatley in human resources to express her belief that she had become a victim of discrimination. Mr. Yang then requested authority to terminate Anne over the course of several manager meetings. On April 24, 2018, Anne met with Mr. Wheatley, who informed her that she was being terminated. Wheatley claimed she was fired due to downsizing and that she was selected for layoff because she had the worst performance rating of all the team leaders. This was patently false. Anne ranked at or near the top of every metric used by the company to rate performance.

6. Convergys did not eliminate Anne's job due to downsizing, nor did it terminate her for poor performance. Convergys fired Anne because of her disability and age and in retaliation for

engaging in protected activity. Anne now brings this action against Defendants for wrongful discharge in violation of North Carolina public policy ("WDPP") (Count I), violations of the Americans with Disabilities Act ("ADA") ("Count II"), violations of the Family Medical Leave Act ("FMLA") ("Count III"), and violations of the Age Discrimination in Employment Act ("ADEA") (Count IV).

7. SYNNEX Corporation ("Synnex") acquired Convergys in October 2018 and folded the company into its subsidiary called Concentrix. Accordingly, Plaintiff is also naming Concentrix CVG Customer Management Group Inc. ("Concentrix") (collectively, both defendants are referred to by the singular "Company" or plural "Defendants"). Plaintiff hereby re-alleges all allegations she has made against Convergys against Concentrix.

## II. PARTIES, JURISDICTION AND VENUE

8. Plaintiff is a resident of North Carolina.

9. Convergys Corporation is an Ohio corporation with its North Carolina registered office located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

10. Concentrix CVG Customer Management Group Inc. is an Ohio corporation with its North Carolina registered office located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

11. Defendants maintain an office in Charlotte, North Carolina.

12. Venue is proper in the Charlotte Division of the Western District of North Carolina because Defendants reside in Mecklenburg County, North Carolina because they are subject to the Court's general personal jurisdiction there in light of the office they maintain there and the

business they transact in Mecklenburg County and elsewhere in the Western District of North Carolina.

### III. FACTUAL STATEMENT

13. Anne began working for Defendants on September 28, 2015. Due to her high level of performance, Anne was quickly promoted to Team Leader.

14. In October 2017, Anne made her supervisor, Benny Yang, aware of her need for emergency rotator cuff surgery. Mr. Yang told her that it was "not a good time" for her to have the surgery, however urgent it may be. Upon asking Mr. Yang for leave, Anne received a verbal lashing from Mr. Yang in front of all of her co-workers.

15. Mr. Yang told Anne that she was "the worst team leader" and that he would "get rid of her" if he could. Mr. Yang told Anne he would not help her with her time off request.

16. Anne reported the harassment and discrimination from Mr. Yang to Defendants' human resources department in November 2017.

17. Anne received approval for leave to have her surgery from November 13, 2017, until December 12, 2017.

18. On November 13, 2017, Anne took her leave and had her surgery.

19. The retaliation began as soon as Anne returned from leave. She received an email from Mr. Yang promising that she would return to her role as a Team Leader on December 20. However, when she returned to work, Mr. Yang retaliated and discriminated against her by stripping her of her management responsibilities. Anne did not get these responsibilities back until January 2018.

20. Mr. Yang disciplined Anne for having a representative sit with her during her routine phone calls. Mr. Yang claimed that he had earlier directed her to discontinue this longstanding practice. At first, Mr. Yang said not to do this on Mondays and Tuesdays. Anne followed the request and had representatives sit with her only on other days. Mr. Yang then told Anne that the new policy applied to any day, purposefully contradicting his previous statement. But this came only after he issued her the formal discipline.

21. Mr. Yang repeatedly contradicted his own write-ups. In one instance, he told Anne's team not to worry about "AP" for one month. "AP" refers to Agent Productivity. But then Mr. Yang disciplined Anne for allegedly affecting AP. Another Team Leader, Christina Bates, did the same thing, but was not similarly written up. Ms. Bates did not go out on disability leave.

22. On one occasion, Mr. Yang told Anne outright that he was angry with her for reporting him to HR. Anne asked if he would ever stop being mad about it. Mr. Yang admitted that he did not know if he ever could.

23. On February 9, 2018, Anne contacted Steve Wheatley in HR to express her belief that she was being discriminated and retaliated against for taking time off for her surgery. Shortly after this, Mr. Yang started requesting authority to terminate Anne.

24. On April 24, 2018, Mr. Yang got his wish. Mr. Wheatly summoned Anne to his office. Mr. Wheatly told her that the Company was "downsizing" and that after comparing her with the other Team Leaders, she came out on the bottom. Since firing Anne, Mr. Yang has told colleagues that Anne's firing was her own fault and that she never recovered from her leave.

25. Anne consistently ranked at or near the top of every metric the Company used for performance tracking. Anne ranked highest in productivity for 2017, and second highest for the period immediately preceding her termination.

26. Anne's five peers were aged 28, 30, 31, 35 and 37. At the time of her termination, she was 61 years of age.

## IV. LEGAL CLAIMS

### Count I
### (*Wrongful Discharge in Violation of Public Policy*)
### *Against all Defendants*

27. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

28. Plaintiff was an at-will employee of Defendants.

29. Defendants employed at least fifteen (15) employees at all relevant times.

30. The public policy of North Carolina, codified in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2(a), seeks to protect and safeguard the opportunity and right of all individuals to "seek, obtain, and hold employment without discrimination" on the basis of age or disability ("handicap"). Defendants violated the public policy of North Carolina by terminating Plaintiff on the basis of her age and disability (or "handicap"). Defendants further violated the public policy of North Carolina by terminating Plaintiff because Defendants regarded Plaintiff as having a physical or mental impairment which substantially limits one or more major life activities.

31. Plaintiff qualified as an individual with a disability in that she was actually disabled/handicapped and was perceived as such.

32. Defendants violated North Carolina public policy by terminating Plaintiff because of her actual or perceived disability and/or handicap.

33. As an actual, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered lost back and front pay, lost benefits, diminution in her earning capacity, severe emotional distress, damage to her reputation, anxiety, depression, embarrassment, humiliation, and her peace of mind has been disturbed.

34. Defendant's actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. Defendants' officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

### Count II
**(*Violation of the Americans with Disabilities Act*)**
*Against all Defendants*

35. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

36. Plaintiff was disabled in that she had physical impairments that substantially limited one or more major life activities, including but not limited to: work, perform physically enduring tasks for a certain period of time, and lifting her arms. Plaintiff's condition limited the following major life activities and/or bodily functions: sleeping, lifting, and working.

37. Defendants otherwise regarded Plaintiff as disabled at the time of her demotion, write-up, termination and in the lead up to Plaintiff's termination.

38. Plaintiff suffered an adverse employment action when Defendants terminated her employment on the basis of her real or perceived disabilities and/or in retaliation for receiving or requesting a reasonable accommodation (medical leave).

39. Plaintiff suffered an adverse employment action when Defendants demoted her on the basis of her real or perceived disabilities and/or in retaliation for receiving or requesting a reasonable accommodation (medical leave).

40. Plaintiff suffered an adverse employment action when Defendants disciplined her on the basis of her real or perceived disabilities and/or in retaliation for receiving or requesting a reasonable accommodation (medical leave).

41. As an actual, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered lost back and front pay, lost benefits, severe emotional distress, severe physical distress, anxiety, depression, embarrassment, humiliation, physical pain and suffering, and her peace of mind has been disturbed.

42. Defendants' actions were done maliciously, willfully, wantonly, and in a manner that demonstrates a reckless disregard for Plaintiff's rights. Defendants' officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

### Count III
*(Violation of the Family Medical Leave Act)*
*Against All Defendants*

43. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

44. Plaintiff required leave protected under the Family and Medical Leave Act because of her own serious health condition. Plaintiff was employed by Defendants for 12 months and worked at least 1,250 hours during the 12 months prior to the start of her requested leave. Defendants employ 50 or more employees within a 75-mile radius pursuant to 29 C.F.R. §825.111.

45. Plaintiff engaged in protected activity by requesting FMLA leave and by otherwise alerting Defendants to her need to take time off because of her own serious health condition. Defendants took an action that a reasonable employee would have found materially adverse. There exists a causal connection between Plaintiff's protected activity and Defendants' adverse actions.

46. Defendants violated the FMLA when they terminated Plaintiff's employment because of her request for time off because of her own serious health condition.

47. As an actual, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered lost back and front pay, lost benefits, severe emotional distress, severe physical distress, anxiety, depression, embarrassment, humiliation, physical pain and suffering, and her peace of mind has been disturbed.

48. Defendants' actions were not in good faith. Nor did Defendants have objectively reasonable grounds to believe they were not violating the FMLA. Defendants' actions were done willfully and in a manner that demonstrates a reckless disregard for Plaintiff's rights under the FMLA. As a result of Defendants' conduct, Plaintiff is entitled to recover liquidated damages.

### Count IV
*(Violation of the Age Discrimination in Employment Act)*
*Against All Defendants*

49. The allegations contained the the foregoing paragraphs are incorporated by reference herein.

50. Plaintiff is, and at all relevant times was, an employee covered by the protections of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. seq. ("ADEA").

51. Defendants employed at least 20 employees and was engaged in commerce at all relevant times.

52. Plaintiff was a 61-year-old employee at the time of her termination.

53. Plaintiff was qualified for her position at all relevant times. Defendant treated Plaintiff disparately in relation to her similarly suited peers that were under the age of 40 and/or significantly younger than Plaintiff.

54. Defendant's explanations for Plaintiff's termination amount to pretext for unlawful age discrimination.

55. As an actual, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered lost back and front pay, lost benefits, and other consequential damages.

56. Defendants' actions were done willfully and in a manner that demonstrates a reckless disregard for Plaintiff's rights under the ADEA. As a result of Defendants' conduct, Plaintiff is entitled to recover liquidated damages.

**<u>JURY TRIAL DEMANDED</u>**

WHEREFORE, the Plaintiff prays the Court to:

1. Enter a judgment against Defendants and order Defendants to pay Plaintiff compensatory damages in an amount to be determined at trial;

2. Award Plaintiff punitive damages pursuant to N.C. GEN. STAT. § 1D-1 et seq.;

3. Award Plaintiff liquidated damages under 29 U.S.C. § 626(b);

4. Award Plaintiff liquidated damages under 29 U.S.C. § 2617(a);

5. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

6. Award Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances; and

7. Grant Plaintiff a trial of this matter by a jury.

This the 27th day of November, 2019.

*/s/ Kevin P. Murphy*
Kevin P. Murphy
North Carolina Bar No. 41467
Sean F. Herrmann
North Carolina Bar No. 44453
Herrmann & Murphy, PLLC
1712 Euclid Avenue
Charlotte, North Carolina 28203
Phone: 704-940-6399
Fax: 704-940-6407
Email: sean@herrmannmurphy.com
Email: kevin@herrmannmurphy.com

*Attorneys for Plaintiff*
